### CHARLES v. STROUSE.

(Supreme Court, Appellate Term. January 21, 1910.)

HUSBAND AND WIFE (§ 17*)—LIABILITY—CONTRACTS OF WIFE.

Where a dress was ordered by defendant's wife, and the details arranged for by her with plaintiff without any reference to defendant, and there was nothing to show that credit was given to him, the bills being made out to his wife, defendant was not liable for the price of the dress; there being no evidence that it was a necessity.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 109; Dec. Dig. § 17.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Eugene Charles against Louis H. Strouse. From a judgment for plaintiff, defendant appeals. · Reversed, and new trial ordered.

Argued before GIEGERICH, DAYTON, and LEHMAN, JJ.

Charles D. Folsom, for appellant.
George K. Hinds, for respondent.

PER CURIAM. Action to recover for the value of a street dress made for defendant's wife. The complaint alleged the work and materials to have been done and furnished at the special instance and request of defendant for the agreed price and reasonable value of $105. Answer in substance a general denial, and for a separate defense that plaintiff entered into an agreement with defendant's wife

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to make the garment for $105 under certain guarantees as to quality and durability to the satisfaction of Mrs. Strouse; that the garment did not comply with the warranty and was returned by Mrs. Strouse to plaintiff, who refused to receive it. Plaintiff had judgment. Defendant appeals.

The only testimony as to the order for the dress was given by plaintiff's manager or forewoman, who said that this was the first occasion that Mrs. Strouse had purchased a dress from plaintiff, although witness knew her, and that the details of the costume and its price were then arranged between them, and the order was given by Mrs. Strouse. Defendant was not mentioned or referred to. Two bills were sent by plaintiff made out to Mrs. L. H. Strouse. No evidence tending to show that credit was given to defendant, nor that the costume furnished was a "necessity," was given. Plaintiff failed to bring himself within the rule laid down in Wanamaker v. Weaver, 176 N. Y. 75, 68 N. E. 135, 65 L. R. A. 529, 98 Am. St. Rep. 621, and the motion to dismiss, made at the close of the case, should have been granted. The exception to the denial of that motion was well taken.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.

LEHMAN, J. I concur, on the ground that defendant affirmatively proved that he was not liable.